tee, W. T. Smith, seventeen hundred dollars of Georgia Railroad and Banking Company stock, which he alleges was in his hands as the property of said beneficiaries, and was not included in the agreement of compromise. This is resisted by the said executors, and upon a hearing on Circuit, that court adjudged that this stock was covered by the agreement, and dismissed the petition. The trustee, Henry S. Johnson, has appealed to this court to reverse said judgment.

---

## *EX PARTE* SMITH.

This was an application to restore to the docket of this court the case of *Dickerson* v. *Smith* (17 *S. C.*, 289), and to have the same reconsidered so far as it affected the interests of petitioner. But the petitioner having given no notice of appeal in that case, having joined in one of the exceptions then considered, and having taken no steps to bring his present claim to the attention of the court before the remittitur was sent down, his petition was refused.

In this case Judges Hudson and Fraser sat in the place of the Chief Justice and Mr. Justice McGowan, who had been of counsel in the cause. The opinion states the case.

*Messrs. F. P. McGowan* and *Geo. Westmoreland,* for petitioner.

*Messrs. Holmes & Simpson* and *B. W. Ball*, contra.

May 31, 1886.   The opinion of the court was delivered by

MR. JUSTICE FRASER.   This is an application to restore the above stated case to the docket of this court, and "that this court re-consider the said case so far as it relates to the interest of Basil H. Smith."   The judgment of this court, a re-consideration of which is here asked for, will be found 17 *S. C.*, 289.

It appears from the case as reported, the brief used in that case at the hearing, and now on file with the records of this court, and other papers used at the hearing of this application, that Basil H. Smith, the petitioner in this application, was one of the defendants in the cause ; that the Circuit decree was filed February 27, 1881 ; that notice of the filing of the Circuit decree was served on some of the counsel on January 31, 1881, and on the others. February 8, 1881 ; that notice of intention to appeal was served on the part of plaintiffs on February 5, 1881 ; that no notice of intention to appeal has been given by the petitioner, Basil H. Smith, who was one of the defendants ; that on due application an order was made extending the time for making up the case and exceptions ; that the exceptions on the part of plaintiffs were thereupon served March 31, 1881 ; that in one of these exceptions Basil H. Smith claimed to have joined, and it is stated as follows :   "As to the settlement of the personal estate (and in these exceptions the defendant, Basil H. Smith, joins with the plaintiffs)."   The case as prepared for the hearing in the Supreme Court was consented to by all the counsel in the case and contained the above stated exception.   The judgment of the Supreme Court was rendered on the appeal and the remittitur has been duly filed with the clerk of the Circuit Court.   In the judgment of the Supreme Court there is no order either affirming, reversing, or modifying the judgment of the Circuit Court as to Basil H. Smith.

There has never been any notice of appeal, or of an intention to appeal, on the part of Basil H. Smith, and unless there had been such notice within the ten days required, as allowed by law, the right of appeal will be lost.   It is not necessary here to consider whether there may not be in any case a waiver of the failure

to serve the notice in time, either by express agreement or by not making it a ground of a motion to dismiss the appeal. Whenever, before the final judgment of this court, it is brought to its notice that the notice of appeal has not been given and has not been waived, the fundamental jurisdictional fact is wanting to give this court control over the case, and the appeal must be dismissed.

The appellant may put into his grounds of appeal whatever pleases him, and the respondent is without any remedy to prevent it. He can only submit his rights to the court on the hearing, and he is in no way estopped by anything contained therein. Basil H. Smith was not before the court as an appellant, and it is the proper and natural result from that fact that the Supreme Court should, as it has done, make no order in reference to his interest in the matters under litigation in the cause. If, however, it is assumed that Basil H. Smith was properly before the court as an appellant, he is concluded by the judgment of the court, just as much as he would have been if he had been named and an express order made in reference to his interests.

Out of abundant caution, this court has adopted a rule allowing ten days after its judgment is filed with the clerk before a remittitur is sent down to the Circuit Court, in order that parties may file a petition for a re-hearing, and even a provision for staying the remittitur for this purpose. If the petitioner had any interests which were overlooked by this court, it is his misfortune that he has failed to move in the matter until now, when this court has no right to re-open the case.

It is, therefore, ordered that the motion be dismissed.